defendant of the crime of grand larceny in the first degree unanimously affirmed. No opinion. Present — Manning, Young, Kapper and Lazansky, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMIL WITTMAN and JOSEPH KLEINMAYER, Appellants.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Young, Kapper, Lazansky and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH MATEJKA and SUSAN MATEJKA, Appellants, v. JOSEPH K. BISTANY and KATHERINE BISTANY, Respondents.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order dismissing writ of habeas corpus, and order denying resettlement, affirmed, with ten dollars costs and disbursements. No opinion. Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents.

ETHEL QUAYLE, Respondent, v. FRANK J. QUAYLE, JR., Appellant. (Appeal No. 1.) — Order awarding alimony *pendente lite* and counsel fee modified by reducing the amount of counsel fee to $500, payable as provided in the order, and as so modified affirmed, without costs. No opinion. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

ETHEL QUAYLE, Respondent, v. FRANK J. QUAYLE, JR., Appellant. (Appeal No. 2.) — Order modified by reducing the additional counsel fee to $100, and as so modified affirmed, without costs. No opinion. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

EDWARD J. REILLY, Respondent, v. TOMPKINS COVE STONE COMPANY, Appellant.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment reversed upon the law and new trial granted, costs to appellant to abide the event. We are of opinion that it was error for the court to deny defendant's motion to amend its answer by pleading that plaintiff was not the real party in interest. Young, Kapper, Lazansky and Hagarty, JJ., concur.

DOROTHY SABEL, Respondent, v. MORTIMER A. HARRISON and Another, Defendants. CLAIRE S. AUER, Appellant.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order denying motion of defendant Auer to dismiss the complaint upon the pleadings reversed upon the law, with ten dollars costs and disbursements, and complaint dismissed, with costs. The general rule is that the vendee of a contract for the sale of real property is not liable to his assignee for the amount of the consideration of the assignment where the contract failed because the vendor was unable to make a good title. Plaintiff claims that the vendor was unable to convey a good and marketable title. Under such circumstances it would be useless for the vendees to be present at the time of the closing of the title. If the vendee refuses to perform the acts required under the contract to be performed, so that the assignee may receive title, then, in that event, the assignee would be entitled to recover back the consideration for the assignment. There is no allegation in this complaint that the vendees were requested or upon such request refused to attend upon the closing of the title to do any of the acts required of the vendees by the contract. Young, Kapper, Lazansky and Hagarty, JJ., concur.

CLARA SADOFF, Respondent, v. SAMUEL MORGENSTEIN and Others, Appellants,